By the Court:
The complainant in this cause having been ejected from land claimed by him, as owner, in consequence of a recovery against him at law, has filed this bill, seeking to be considered as trustee for the respondents, in all that he did to improve and preserve the lands in the character of absolute owner. The grounds upon which it is attempted to sustain this pretension are, that inasmuch as the identification of the land was the act of the complainant, and that identification is recognized by the respondents, as to this they admit an agency; and as the improvements and payments of taxes, were for the benefit of the respondents, equity may well consider these acts as performed in the character of agent, so as thus to be enabled to do justice to the parties.
We have carefully examined and considered the arguments advanced in support of these positions; but we find nothing in them to warrant us in giving to the acts of a party a character directly contrary to that in which those acts were performed. As a matter of fact, it is indisputable that the complainant did not act as the agent of the respondents, in any one of the matters in respect to which he claims compensation. He took possession of the land, not to preserve it for the respondents, but to occupy and improve it for himself. With this object, and for this purpose, he labored and paid money. And when the respondents ^asserted their right, he controverted it, and compelled them to establish it by a judicial proceeding. There is no allowable legal fiction, by which the court can so change the character of a transaction, as to con-. *312 vert an adverse pretension into an agency for him whose right is resisted.
It is true the respondents have adopted the partition of the land as they have found it. But this conduct is no recognition of the agency of the complainant. It was competent for the owner to take the lands in the place they were assigned to him by others who had claims, whether the assignment was so made as to conclude him or not. This mere act of acquiescence can have no legal or equitable relation to the person on whose claim the assignment was made, and must be considered entirely independent •of every one concerned.
The complainant acted, in all that he did, as a volunteer. It is impossible to give him any other character. And there is not only no case, there can be no principle in which a mere volunteer can maintain a suit in law or equity for compensation; although there are many cases in which the party may be benefited by such interference, and in which an award of compensation would seem to be just. Nevertheless, were it once permitted that one man could volunteer his services to another, and coprce compensation, it would subvert the fundamental doctrines of contract, and open a door for incalculable mischiefs and litigations. The complainant’s counsel are too sensible of this, to assert that a mere volunteer can recover; hence, they attempt to establish an agency in their client, and dp not seem to perceive that to convert a volunteer into an agent, against the consent of the alleged employer, is but maintaining the principle abandoned, in different terms, differently applied.
The answer given by the defendant’s counsel, to the use made of the case of Nowler, Douglas and others v. Coit, is decisive upon its analogy to this case. Nothing is more common than for courts of equity, in decreeing a complainant the relief he seeks, to impose terms upon him, which could not be asserted against him in an original bill at the suit of the respondent. It is an ordinary principle of proceeding in equity, and results from the well-known maxim, that he who asks equity shall do it, or be denied the equity *he asks. In that case the complainant asked the court to quiet his title against claimants under a sale similar to that through which the complainant claimed in this case. And the court proceeded to decree in his favor, upon the condition that he should repay the taxes advanced, and remunerate the party foe *313 his trouble in making the payment. And the decree is predicated upon the common principle, without an intimation that an original bill would have been sustained for that object. In this case the complainant reposed himself upon his adverse right until adjudged against him; and then, in direct contradiction of his former pretension, seeks to come before this court in a new character. Were we to sustain this bill, it could only be on a principle that would entitle every person who took possession of lands belonging to ethers, supposing he had title after he was ejected at law, to come into equity for aid and remuneration. This would certainly be an entire new branch of equitable jurisdiction, to which we are not disposed to be the first to assent.
It is not the mere fact of a recovery in ejectment that excludes the defendant from relief here; but it is the principle upon which that relief is sought, between which, and permitting a mortgagor to redeem after the mortgagee has recovered at law, we can perceive no analogy.
There is no weight in the suggestion that the respondents slept over their rights. They were not barred at law, and in equity the rule is not varied. There is not even a suggestion that they practiced any fraud in permitting the complainant to proceed in his improvements and payment of taxes. TJpon the- ground of fraud only, could a court of equity interfere where the statute of limitations does not apply at law, or by analogy, in this court.
The bill must be dismissed.