[No. 12500.   In Bank. — February 26, 1889.]

## S. D. WEYANT, RESPONDENT, *v.* W. A. MURPHY ET AL., APPELLANTS.

MORTGAGE — MARSHALING SECURITIES — SALE OF SEPARATE TRACTS — APPORTIONMENT OF BURDEN. — When the amount of a mortgage upon two separate tracts is apportioned between different purchasers of each tract, and the purchaser of one tract has paid his share of the common burden, it is proper upon foreclosure of the mortgage against the two tracts to order the sale of the other tract to be made first to pay the share of the burden which was apportioned to the purchaser of that tract, and which he agreed to pay by the terms of his deed, as against a subsequent vendee of the tract who took expressly subject to all mortgages existing on the land.

ID. — FORECLOSURE SALE — MISTAKE OF LAW — CHANGE OF BID — REDEMPTION. — When the purchaser at a foreclosure sale of one of two tracts mortgaged, who is interested in having the tract sold to pay the full balance due upon the mortgage in order to prevent the sale of the other tract, which is owned by himself (he having previously paid the share of the mortgage debt apportioned thereto), bids at the sale, through a mistake of law, a sum less than the amount of the mortgage, and afterwards, with the consent of the receiver making the sale, in order to rectify the mistake, increases his bid to the full amount of the mortgage, and the sale is thereafter confirmed by the court at such increased bid, the owner of the property sold will not be allowed in equity to redeem it upon payment merely of the amount of the first bid and percentage thereon, but, regardless of whether he is or is not legally liable therefor, will be compelled as a condition of relief in equity to pay the full amount due under the decree of foreclosure.

EQUITY — MISTAKE — CONDITIONS OF RELIEF. — A court of equity will not lend its aid to a plaintiff in order to assist him in profiting unjustly by a mistake of law on the part of the defendant. In imposing conditions of relief, equity is not confined to the strict legal rights of the parties, but will take into consideration all the circumstances in order to arrive at the justice of the case.

APPEAL from a judgment of the Superior Court of El Dorado County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Freeman, Bates & Rankin, Grove L. Johnson,* and *Beatty, Denson & Oatman,* for Appellants.

The terms of redemption are regulated, not by the bid, but by the purchase. (Code Civ. Proc., sec. 702.) The bid might be rescinded by mutual consent. (Civ. Code, sec. 1689.) There might have been a resale to accomplish the same thing which was done. (Code Civ. Proc., secs. 695, 696; *Goodenow* v. *Ewer,* 16 Cal. 461; 76 Am. Dec. 540.) The sale by the receiver was not complete until confirmed by the court. (Daniell's Chancery Practice, 1, 274; Rorer on Sales, secs. 1, 16, 17, 75, 76.) The plaintiff does not come into equity with clean hands. (Pomeroy's Eq. Jur., secs. 377–379.)

*McKune & George,* and *Clinton L. White,* for Respondents.

The plaintiff was entitled to redeem for the amount of the selling price and percentage. (Code Civ. Proc., secs. 701, 702; *Montgomery* v. *Tutt,* 11 Cal. 317; *Simpson* v. *Castle,* 52 Cal. 645; *Trotter* v. *Hughes,* 12 N. Y. 74; 62 Am. Dec. 137; *Carter* v. *Holahan,* 92 N. Y. 498; *Fitman* v. *Monks,* 43 Mo. 502.) And may bring his suit to redeem. (*Daubenspeck* v. *Platt,* 22 Cal. 330; Jones on Mortgages, 1093–1095.) Sale must be made at auction, and to the highest bidder. (Code Civ. Proc., secs. 694, 695.) The receiver could not change or accept terms by secret act other than as agreed at public auction. (*Stevenson* v. *Black,* 1 N. J. Eq. 344; *Sparling* v. *Todd,* 27 Ohio St. 521.) The officer is not a contracting party entitled to receive under the Civil Code, section 1689. A judicial sale being void, the order of confirmation would neces-

sarily be void. (*Townsend* v. *Tallant*, 33 Cal. 45; 91 Am. Dec. 617; Rorer on Judicial Sales, sec. 83; *Talley* v. *Sparks*, 6 Gratt. 339; *Bethel* v. *Bethel*, 6 Bush, 65–69; 99 Am. Dec. 655; *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609.) No confirmation is required to pass title under foreclosure. (*Leviston* v. *Swan*, 33 Cal. 483.) The recital of consideration in the receiver's deed is not conclusive. (Code Civ. Proc., sec. 1962, subd. 2; *Coles* v. *Soulsby*, 21 Cal. 51.) Equity follows the law. (1 Story's Eq. Jur., sec. 64; *Magniac* v. *Thomson*, 15 How. 299; Pomeroy's Eq. Jur., sec. 385; *Hanson* v. *Keating*, 4 Hare, 1.) The lien of the mortgage was extinguished by the sale. (*Simpson* v. *Castle*, 52 Cal. 644; *Hershey* v. *Dennis*, 53 Cal. 77; *Black* v. *Gerichten*, 58 Cal. 56.) Upon redemption by the owner he is restored to his estate. (Code Civ. Proc., sec. 703.)

PATERSON, J.—The material facts of this case are as follows: One Segur, who was the owner of two tracts of land, which may be designated respectively as the El Dorado tract and the Sacramento tract, mortgaged them both to Mrs. Alice Scott, to secure the payment of sixteen thousand dollars. Subsequently Segur sold and conveyed the El Dorado tract to certain parties for eight thousand dollars. Of this sum, one thousand dollars only was paid in cash. The grantees agreed to pay the remaining seven thousand dollars to Mrs. Scott on account of the principal of said mortgage, which agreement was expressed in the conveyance. Subsequently the grantees conveyed the property to other parties upon like terms, viz., the second set of grantees paid the sum of one thousand dollars, and assumed the payment of seven thousand dollars of the principal of the Scott mortgage, and this agreement was expressed in the deed. This second set of grantees conveyed to the plaintiff by a deed which expressed a consideration of one thousand dollars, and contained the following clause: "Subject to

all mortgages now existing against said above-described land." Neither the plaintiff nor any of his grantors ever paid the seven thousand dollars above mentioned, or any part thereof.

The Sacramento tract was sold and conveyed by Segur to the defendant, for the sum of eighteen thousand dollars. Of this sum, half was paid down, and the defendant agreed to pay the remaining nine thousand dollars to Mrs. Scott on account of the principal of her mortgage. This agreement was performed by the defendant. He paid Mrs. Scott the nine thousand dollars, with the accrued interest thereon, leaving due to her the seven thousand dollars, and accrued interest thereon, which had been assumed by the plaintiff's grantors.

In this condition of affairs, Mrs. Scott commenced a suit to foreclose her mortgage for the balance due to her, joining both the parties here as defendants in such suit, and in due course a decree of foreclosure was entered, adjudging that there was due to the plaintiff, in said foreclosure suit, the sum of $8,756.54, and decreeing that the two tracts be sold to satisfy the same, by a receiver, who had been appointed by the court. But in view of the fact that the defendant here had paid such portion of the common burden as he had agreed to pay, and that the grantors of the plaintiff had not paid the portion which they had agreed to pay, and subject to which the plaintiff took his tract, the court in the foreclosure suit very properly decreed that the El Dorado tract be sold first. This was an adjudication that the burden of the Scott mortgage should rest primarily upon the tract of the plaintiff here.

As a matter of course, it was important to the defendant to see that the full amount of the judgment was bid upon this tract. But by a stupid blunder he did not bid that amount, but only the sum of two thousand five hundred dollars, for which sum the property was struck off to him. Within a few days he was informed of the mis-

take he had made, and he then applied to the receiver for leave to increase his bid. This the receiver allowed him to do, and reported the sale to the court as for the amount of the increased bid, and the court confirmed the same. The defendant thereupon paid the full amount of the increased bid, viz., the sum of $8,756.54. We think that the evidence shows without substantial conflict that this sum was paid by the defendant here, and received by the receiver, as and for the purchase price of the El Dorado tract, and not, as found by the court, as "a voluntary payment, not in pursuance of his bid, but to prevent a sale of the balance of said land."

The plaintiff tendered to the defendant the two thousand five hundred dollars, for which the property was struck off at the auction sale, with the necessary percentage, etc., and this being refused, he brings the present action to be allowed to redeem for the sum as tendered. The value of the El Dorado tract is shown to be seven or eight thousand dollars.

It will be observed that the defendant had a perfect right to bid in the first instance the sum to which he increased his bid, and which he afterward paid for the property. His not doing so was the result of a mistake of law on his part, and we think his subsequent action, and that of the receiver, was in perfect good faith, and not with any fraudulent intent whatever, but simply to rectify the mistake, and to do what he had a perfect right to do in the first instance. If the mistake had not been corrected by the parties, the result would be to relieve the plaintiff's property of the burden which was put upon it primarily by the decree of foreclosure, and to cast the same upon the defendant. The plaintiff appeals to a court of equity to assist him to profit by the defendant's mistake. We think the court should not lend its aid for any such purpose. He is entitled to redeem the property. But as a condition of this relief, the court will require him to assume the burden which was

properly placed upon him by the decree of foreclosure; that is to say, as a condition of relief, he will be required to pay to defendant, in addition to the amount placed in bank to the credit of defendant, the difference between the sum which he tendered and deposited, and the amount due under the decree of foreclosure. It is immaterial that the plaintiff is not legally liable to the defendant for this difference. In imposing a condition, a court of equity is not bound down to the strict legal rights of the parties, but will take into consideration all the circumstances in order to arrive at the justice of the case. (*Johnston* v. *S. F. Savings Union*, 75 Cal. 134.)

The judgment and order are reversed, and the cause is remanded for a new trial in accordance with the views herein expressed.

SHARPSTEIN, J., WORKS, J., and McFARLAND, J., concurred.

Rehearing denied.