PRINCE v. BROOKLYN DAILY EAGLE.

(Supreme Court, Special Term, Kings County. February 14, 1896.)

1. LIBEL—MALICE—EVIDENCE DISPROVING—EXEMPLARY DAMAGES.

In an action for a libelous article charging plaintiff with having prosecuted a tenant for larceny to get him out of her house, in order that she

might herself occupy it, evidence tnat the reporter who wrote the article based it on information obtained in good faith from the justice who tried the case, and counsel of the defendant therein, does not, as conclusively disproving malice, warrant an instruction that exemplary damages cannot be allowed.

2. SAME—EXEMPLARY DAMAGES.
   In New York, in an action for libel, where there was actual malice, punitive damages may be recovered, though only nominal damage is shown.

3. SAME—MALICE—PROOF OF, NECESSARY.
   Malice is not essential to an action to recover damages for libel.

Action by Margaret B. Prince against the Brooklyn Daily Eagle for libel.    There was a verdict for plaintiff for six cents damages, and plaintiff moves for a new trial.    Granted.

Hector M. Hitchings, for plaintiff.
W. N. Dykman, for defendant.

GAYNOR, J.    Though the article is light and familiar towards the plaintiff, and may well be annoying to her, I see nothing libelous in it except the statement that the plaintiff, having a tenant whom she wanted to be rid of, in order that she might again reside in her house, made a charge of larceny against him before a magistrate, for the purpose of annoying him, and thereby making him cancel his lease.    The jury rendered a verdict for six cents damages.    The reporter who wrote the article testified that he interviewed the justice of the peace before whom the criminal charge was made, and also the lawyer who defended the accused, and in good faith based the article upon what they told him.    This was to disprove malice, and mitigate the damages.    It was for the jury to determine the weight of this testimony, and what effect it should have.    It may be that cases can be conceived of in which malice might be so conclusively disproved that it would be the duty of the court to charge the jury that they could not give punitive damages, but I am satisfied that this is not such a case.    The evidence in disproof of malice was not conclusive.    After the charge to the jury had been given, counsel for defendant requested that the jury be charged that "they may not give punitive damages," and the request was complied with.    The exception to this presents vital error, which requires that the verdict be set aside.

Punitive damages may be given for malice in actions for libel or slander, the same as in actions for other injuries to the person.    Taylor v. Church, 8 N. Y. 452.    Except in actions for libel or slander, it is seldom that there is any question or misunderstanding upon this subject.    The cause of the many misunderstandings thereon in these actions (and the reports and text-books are filled with them) arises from the doctrine that two different kinds of malice appertain to such actions.    Indictments for libel had to charge that the publication was malicious, for malice was an essential of the crime, and had to be proved.    Civil pleaders, fond, as they were, of verbiage, especially attributing bad and wicked motives in actions of tort, needlessly came to plead in the same form; and, from the fact that the allegation of malice was always found in the declaration or com-

plaint, it seems that malice gradually came to be deemed essential to the action. We find judges stating it to be essential (only casually, at first) at an early period in England, and the same has continued in judicial utterances, though not so often actually decided, down to the present time, but not without able and discriminating judges and text writers standing out against it all along. It being said that malice was essential to the action, it was at once found that a bothersome fiction was put in the way, whereupon the lawyers and judges straightway invented and set up another fiction against it, so as to destroy its force, viz. that the malice essential to maintain the action would be presumed in every case. And these two useless fictions, the one laughing at and offsetting the other, have been fostered, and have come down to us, causing controversy, misunderstanding, and confusion all the way. The other malice was, and is usually, called "actual," in contradistinction to the said "presumed" or "implied" fictitious, malice. For this actual malice punitive damages may be given, but not for the said presumed malice. This is the doctrine complete. It is the creation and perpetuation of a distinction out of nothing and for nothing. To say that malice is essential to the action, and then that it will be presumed in every case, though it serves no purpose, as no damage may be given for it, seems so vain and useless that it has never been acquiesced in.

The judge writing the opinion for our court of appeals in a recent case said:

"The publication of a libel is a wrongful act, presumably injurious to those persons to whom it relates, and, in the absence of legal excuse, gives a right of recovery, irrespective of the intent of the defendant who published it; and this although he had reason to believe the statement to be true, and was actuated by an honest or even commendable motive in making the publication." Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409.

It could not be said in stronger language than this that motive or malice is not essential to the action. This may not mean that the fiction to the contrary will not continue to be repeated, for no such effect was produced by the decision of the same court many years ago that an allegation that the publication was malicious is not essential to the complaint in an action for libel. Hunt v. Bennett, 19 N. Y. 173.

The confusion in respect of the meaning of the word "malice" in actions for libel and slander, involved in trying to distinguish between two kinds of malice, whereas there is and can be in such actions only one kind, seems to be preserved now only because it has existed so long, even though against many protests. The only malice there is in actions for libel or slander is such as is proved. When such malice exists, punitive damages may be given for it. Evidence in proof or disproof of malice has relation to the question of punitive damages only. It has no relation to the actual damage done to the plaintiff. That cannot be withheld or diminished by the jury for absence of malice. It does not depend upon malice at all. Proof of the publication usually affords evidence of malice. Proof that one published a libel of another carries with it evidence of malice, unless circumstances also appear which show that there was

no malice. Malice may be found in the publication itself, or be proved aliunde. In either case it is the same malice, the difference, if any, being in degree. Recklessness or carelessness or disregard of the rights of others in the publication is evidence from which malice may be found. Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701. It was said in the dissenting opinion in Samuels v. Association, 9 Hun, 294, that "the plaintiff in an action of libel gives evidence of malice whenever he proves the falsity of the libel"; and that, when the defendant gives no evidence to disprove malice, "it is the duty of the court to say to the jury that, upon proof of the falsity of the libel, the plaintiff is entitled to exemplary damages in their discretion." Upon appeal, this dissenting opinion was adopted by the court of appeals. 75 N. Y. 604. Since then it has been repeated that, "when the falseness of the libel is proved," it is evidence of malice. Bergmann v. Jones, 94 N. Y. 62; Warner v. Publishing Co., 132 N. Y. 184, 30 N. E. 393. The effect of this is that counsel for plaintiff in actions for libel now frequently offer evidence in chief that the libel is false. But the expressions I have cited seem to be inadvertent. The falseness of the libel has always been, and is now, presumed, and proof of it, except in rebuttal of evidence of its truth, is neither necessary nor allowable. As this rule is unquestioned, it is not easy to cite authority for it. 3 Greenl. Ev. § 419; Odger, Sland. & L. p. 169; Townsh. Sland. & L. § 73; Hunt v. Bennett, 19 N. Y. 173; Viele v. Gray, 10 Abb. Prac. 1. Of course, the foregoing has no reference to publications on occasions that are qualifiedly privileged, for in such cases the plaintiff may show that the defamatory matter is false and malicious, in order to deprive the defendant of the privilege.

It is contended that, as the jury found that the plaintiff was damaged only nominally, it was not a case for punitive damages. It is said that it would not have been error to have charged the jury that, if they found that the plaintiff was damaged only nominally, they should not give punitive damages. There is authority for this (Stacy v. Publishing Co., 68 Me. 279); but I do not think it is the law of this state. A person may be of such high character that the grossest libel would damage him none; but that would be no reason for withdrawing his case from the wholesome, if not necessary, rule in respect of punitive damages. It is in such cases that the rule illustrates its chief value and necessity.

The motion for a new trial is granted.