# CHARLESTON.

B. K. GIVEN *et al.* v. UNITED FUEL GAS COMPANY.

Submitted May 13, 1919. Decided May 20, 1919.

1. EMINENT DOMAIN—*Remedies of Owners—Injunction—Other Relief—Equity Jurisdiction.*

Upon a bill to cancel a void deed purporting to grant right to construct and maintain a public service instrumentality, such as a pipe line or railroad, on a tract of land, enjoin maintenance and operation of such instrumentality, cause removal thereof and obtain a decree for compensation for injuries done by the trespass, the court has jurisdiction to cancel the deed and ascertain and decree the damages, and should do so notwithstanding acquisition of right to maintain and operate the instrumentality on the land, by exercise of the power of eminent domain, after commencement of the suit. (p. 303).

2. SAME—*Remedy of Owners—Injunction—Void of Right of Way—Damages.*

In such case, the damages may be ascertained by the court or by a jury upon an issue *quantum damnificatus*, but they must be limited in elements and amount to the date of acquisition of the right of the defendant to occupy and use the land. They do not include

the compensation allowed by law for rightful taking of part of a tract of private land for public use and injury to the residue thereof. (p. 303).

3. EQUITY—*Jurisdiction—Punitive Damages.*

Punishment is a function unknown to courts of equity except in instances in which it is used merely to sustain and enforce the jurisdiction of the equity courts, wherefore infliction of punitive damages would be inconsistent with fundamental principles of equity jurisprudence. (p. 305).

Appeal from Circuit Court, Kanawha County.

Suit by B. K. Given and others against the United Fuel Gas Company and others for the cancellation of a deed granting a right of way for a pipe line and for other relief. From a decree dismissing the bill as against the named defendant, plaintiffs appeal.

*Reversed and remanded.*

*Charles J. Hogg,* for appellants.
*R. G. Altizer,* for appellee.

POFFENBARGER, JUDGE:

This appeal is from a decree dismissing a bill in a suit in which there was good cause for action, at the date of the institution thereof, but which was partially nullified by subsequent action of the defendant. The altered situation still left right in the plaintiffs to have a pecuniary recovery from the defendant, and the contention of the plaintiffs is that the amount due them should have been ascertained and decreed to them in this suit. They may obtain part or all of what they are entitled to by means of a statutory proceeding in a court of law, and the appellee contends they must resort to it.

The purpose of the bill was cancellation of a deed executed by a widow in possession of a tract of land of which her husband had died seized and possessed, and purporting to grant to the defendant the right of way for its pipe line through and over said tract of land, inhibition by injunction of the maintenance and operation of the pipe line laid across the land in 1910 or 1911, on the faith of the deed in question,

removal of the pipe line and compensation for the injury done, by a decree for damages.

Realizing the invalidity or uncertainty of its title to the right of way, the defendant executed and filed in the Circuit Court of Kanawha County a bond conforming to the requirements of sec. 20, ch. 43, Code, and conferring upon it the right "To enter upon the enjoyment of its easement," and set up said bond and the proceedings leading to approval thereof, in its answer. In such case, the statute passes title to the easement and authorizes either the land owner or the condemnor to institute proceedings for ascertainment of the compensation for the land taken and injury to the residue, payment of which is secured by the bond. The plaintiffs amended their bill, after the filing of the answer, admitted the subsequent procedure of the defendant, denied the validity thereof and prayed an injunction against the prosecution of the condemnation proceedings. Depositions were taken and filed by the plaintiffs only, and the court, on the hearing, dismissed the bill.

The appellants have abandoned their claim of right to injunctive relief, but they insist that the court should have cancelled the deed and ascertained and decreed to them damages for the trespass. In the brief filed for the appellee, these contentions are resisted, and no effort is made to sustain the deed or absolve the appellee from liability for damages. Its position is that cancellation of the deed is useless and the right to have the damages, if any, assessed in the condemnation proceedings precludes right to a decree therefor in this suit.

Purporting to grant a right of way over the land and having been executed by a person in whom the title was not vested, the deed cast a cloud upon the title and should have been cancelled. The widow's dower had not been assigned, wherefore, although in possession of the land, she was only a tenant of the heirs, without right or authority to dispose of it or fix upon it the burden of an easement. However, in as much as the appellee had acquired the easement at the date of the decree, and the deed purports no more than cre-

ation of the same easement, failure to cancel it may have been a harmless error, for which the decree should not be reversed, unless there is some other prejudicial error in it.

That there was equity jurisdiction and merit in the bill at the date of the filing thereof is clear. The entry upon the land was clearly wrongful. The proof is that the appellee. was fully advised of the state of the title and informed as to the names and residences of the owners of the lands, before it took the deed and entered upon the land, and that some of the owners were entirely ignorant of the transaction, until after completion thereof. On their part there was no knowledge of the entry and occupation, at the time thereof, nor any acquiescence therein. Their compensation had neither been paid nor secured. In such cases, equity has jurisdiction by injunction. *Jackson* v. *Railroad Co.,* 63 W. Va. 18, 22. Lewis Em. Dom., sec 904. At the date of the institution of the suit, there was equity jurisdiction also to cancel the deed. Having jurisdiction for these purposes, the equity court could have gone on and awarded damages by the final decree. In numerous instances, the power of courts of equity, having jurisdiction for other purposes, to hear and determine purely legal demands growing out of the transaction constituting the ground of equity jurisdiction, and award such demands by way of alternative relief, has been affirmed. "If a court of equity obtains jurisdiction of a suit for the purpose of granting such distinctively equitable relief, such, for example, as the specific performance of a contract, or the rescission or cancellation of some instrument, and it appears from facts disclosed on the hearing, but not known to the plaintiff when he brought the suit, that the special relief prayed for has become impracticable, and the plaintiff is entitled to the only alternative relief possible of damages, the court then may, and generally will, instead of compelling the plaintiff to incur the double expense and trouble of an action at law, retain the cause, decide all the issues involved and decree the payment of mere compensatory damages." Pom. Eq. Jur., 3rd Ed., sec. 237. If, pending a suit in which a court of equity has jurisdiction to enjoin the commission or con-

tinuance of a wrongful act, the defendant has rendered injunctive relief ineffectual by acts done by him after service of the process, the court may award damages by way of substitution for the injunction or in the exercise of its power to do full and complete justice in a cause of which it has obtained jurisdiction. *Hazen* v. *National Bank,* 70 Vt. 543; *Lewis* v. *North Kingston,* 16 R. I. 15; *Hayden* v. *Yale,* 45 La. Ann. 362; *Westphal* v. *City of New York,* 177 N. Y. 140. Specific applications of this doctrine are found in decisions in causes in which nuisances are abated by defendants, pending suits to enjoin them. *Moon* v. *National Wall Plaster Co.,* 66 N. Y. Sup. 33. The demand for damages in such cases constitutes part of the equitable cause of action, because, if it is not indeed so inherently, it is included by the rule giving jurisdiction to prevent multiplicity of suits. *Jesus College* v. *Bloom,* 3 Atk. 262, 263; *Fleishman* v. *Citizens R. E. & I. Co.,* 25 Ore. 119; *Morris* v. *Bean,* 123 Fed. 618; *Richi* v. *Brewing Co.,* 105 Tenn. 651; Pom. Eq. Jur., sec. 237. Partial destruction of the cause of action, abatement of the nuisance, obviously does not wholly obliterate it. Moreover, it is unjust to put the plaintiff to the trouble and expense of two suits for redress of injuries caused by a single act of the defendant, and subject him to the will of the defendant to the extent of being forced into one forum and then turned out of it and directed to another. Completion of a wrongful act against which an injunction is sought, grading a lot claimed as part of a highway, after commencement of the suit, does not deprive the court of its jurisdiction, on the ground that the remedy at law is adequate. *Lewis* v. *North Kingston,* 16 R. I. 15. 27 Am. St. 724. In *Harrington* v. *St. P. & S. C R. Co.,* 17 Minn. 215, a decree awarding damages and enjoining the defendant from operating its road on the land in question was affirmed as to the damages and reversed as to the injunction. This entire subject is reviewed ably and at great length in *Milkman* v. *Ordway,* 106 Mass. 232, and the jurisdiction sustained. A very strong analogy obtains between this cause and those in which the courts have so often administered final relief by decrees for damages recoverable at law;

and no reason why it should be excepted from the doctrine of those cases is perceived.

There should have been an ascertainment of the damages from the date of the entry until the defendant acquired the right of occupancy and use of the land and a decree for the amount thereof; but the state of the evidence was not such as to enable the court to determine the amount thereof fairly and justly, because it proceeds upon the theory of permanent injury. In other words, it does not distinguish between damages for the wrongful entry and compensation for the easement claimed and damages to the residue of the land as in the case of a rightful taking. It should be limited to damages up to the date of rightful occupancy, as if the pipe line had been then removed, for the wrong done ceased on that date. After that, there was right to compensation for the easement lawfully acquired and held and injuries incidentally done to the residue of the land, given by the Constitution and statutes.

Upon proper evidence, the court may ascertain and decree the damages sought, or direct an issue *quantum damnificatus* for jury determination, and, upon the veridct, enter a decree for the damages.

No authority for jurisdiction in equity to award punitive damages has been cited or found. To permit a decree for such damages would be at variance with general principles of equity jurisprudence. Courts of equity never enforce forfeitures, even when contracts provide for them. *Railroad* v. *Triadelphia*, 58 W. Va. 487, 520; *Craig v. Hukill*, 37 W. Va. 520. On the contrary, they often relieve from penalties and forfeitures. *Id.; Pheasant* v. *Hanna*, 63 W. Va. 613. Under a statute multiplying the actual damages, it might be done, possibly, but this case does not fall within the scope of sec. 4 of ch. 92 of the Code.

Agreeably to these principles and conclusions, the decree complained of will be reversed and the cause remanded.

*Reversed and remanded*