MRS. CALLIE C. YORK v. JOSEPH O. COLE AND WIFE, SARAH FRANCES COLE.

(Filed 1 March, 1961.)

**Cancellation and Rescission of Instrument § 11—**

In a suit to set aside a conveyance of real estate on the ground of fraud and coercion, defendants may properly set-up a counterclaim for personal services rendered grantor, since the grantor seeking the equitable remedy of cancellation should return anything she may have received from grantees.

APPEAL by plaintiff from *Preyer, J.,* May 23, 1960 Term, of GUILFORD (High Point Division).

This is a civil action instituted 12 December 1958.

Plaintiff is an elderly woman in chronic ill health. For a period of

YORK *v.* COLE.

time she resided in the home of defendants, relatives. She sues: (1) to set aside a conveyance of real estate which she alleges was made by her to defendants by reason of fraud and coercion on their part, (2) to recover for the wrongful conversion by defendants of rents, postal savings, social security payments, an automobile and a quantity of furniture, and (3) for punitive damages.

Defendants, answering deny the material allegations of the complaint, and counterclaim for services rendered by them to plaintiff and for expenses incurred in maintaining and caring for her in their home.

Plaintiff's demurrer *ore tenus* to the counterclaim was overruled. Nine issues were submitted to the jury. The first seven deal with plaintiff's cause of action. All of these, except the issue involving punitive damages, were answered in favor of plaintiff. The eighth and ninth issues relate to defendants' counterclaim. These were answered in favor of defendants.

In conformity with the verdict, the court entered judgment: (1) setting aside and declaring null and void the conveyance from plaintiff to defendants, (2) awarding articles of furniture to plaintiff, (3) allowing plaintiff to recover $3,086.04, with interest, for conversion of property and money by defendants; (4) permitting defendants recovery of $3,100.00 on their counterclaim.

Plaintiff appealed and assigned errors.

*John W. Hinsdale and Thomas Turner for plaintiff.*
*James B. Lovelace for defendants.*

PER CURIAM. Plaintiff assigns as error the overruling of the demurrer *ore tenus* to defendants' counterclaim, the refusal of the court to set aside the verdict as to the eighth and ninth issues, the court's charge on the eighth and ninth issues, and the signing of the judgment. We find no prejudicial error in the rulings of the court, the trial, and entry of judgment. Relative to plaintiff's cause of action, this trial furnishes a proper example of the application of the maxim: "He who seeks equity must do equity." A complainant who seeks to have an instrument, obligation, or transaction canceled or set aside must return or offer to return whatever he may have received from the defendant. 19 Am. Jur., Equity, s. 464, p. 321.

No error.