KENNETH L. JARVIS v. MRS. CHARLES E. PARNELL

No. 6910SC125

(Filed 30 April 1969)

**1. Fraud § 2— fraud in the factum and fraud in the treaty — defenses against third party**

Fraud in the treaty, which renders an instrument voidable, is not available as a defense against an innocent third party; however, fraud in the factum, which renders an instrument completely void, is available as a defense against an innocent third party.

**2. Principal and Agent § 4— proof of agency**

In an action to recover on a promissory note executed by defendant's purported agent, where defendant denies that she authorized or approved the execution of the note on her behalf by the agent, the plaintiff has the burden of establishing the agent's power and authority as the defendant's express agent.

**3. Bills and Notes § 19— maker's defense against assignee of a note — fraudulent misrepresentation in procurement of note**

In plaintiff's action to recover on a promissory note executed to a third party by defendant's agent and attorney in fact, the defense of fraudulent misrepresentation in the procurement of the note is available to the defendant, and the plaintiff cannot maintain that he is an innocent purchaser of the note, where the recitals of agency on the note were sufficient to put plaintiff on notice to acquaint himself with the agent's authority, and since if it be assumed that plaintiff is the subrogee of the third party, as the pleadings suggest, defendant would be entitled to assert against plaintiff any defense available against the third party, including fraud.

**4. Principal and Agent § 5— special agent — scope of authority**

A special agent can only contract for his principal within the limits of his authority, and a third person dealing with such an agent must acquaint himself with the strict extent of the agent's authority and deal with the agent accordingly.

**5. Principal and Agent § 5— agent dealing with commercial paper — scope of authority**

Where the asserted power of an agent to indorse or otherwise deal with commercial paper is grounded upon a letter or power of attorney, such writing is to be strictly construed upon the question of whether and how far it bestows authority to such matters upon the agent.

FROM *Hobgood, J.,* 12 August 1968 Session, WAKE County Superior Court. Kenneth L. Jarvis (plaintiff) petitioned the Court of Appeals for a writ of *certiorari.* The petition was allowed on 4 October 1968.

The plaintiff instituted this civil action on 15 March 1968 against Mrs. Charles E. Parnell (defendant) to recover $21,400 with in-

terest from 21 November 1967 allegedly due under a certain promissory note. He alleged that Cepco Distributing Company (Cepco) was a North Carolina corporation with its principal office in Forsyth County, North Carolina; on 7 May 1965 Cepco issued a promissory note (Note I) in the amount of $80,000 to Sun Capital Corporation (Sun), a Pennsylvania corporation with its principal office and place of business in the State of Pennsylvania; Note I was executed by the plaintiff while acting in his capacity as the president of Cepco; on 7 May 1965 the defendant's husband, Charles E. Parnell (husband), issued a collateral promissory note (Note II) to Sun in the amount of $80,000 as security for Note I; on 6 May 1965 Fred G. Crumpler, Jr., (Crumpler) was given a power of attorney under an instrument executed by the defendant; pursuant to and acting within the scope of his authority under this power of attorney, Crumpler executed on 7 May 1965 a collateral promissory note (Note III) on behalf of the defendant as security for Note I; Note III, the note upon which this action is founded, was issued to Sun in the amount of $51,000; and on 7 May 1965 the plaintiff in his individual capacity issued a collateral promissory note (Note IV) to Sun in the amount of $20,000 as security for Note I. Copies of Notes I, II, III and IV were attached to the complaint as Exhibits "A", "B", "C" and "E", respectively. A copy of the power of attorney was attached to the complaint as Exhibit "D".

Plaintiff further alleged that Cepco defaulted in the payment of Note I; at the time of default there was an outstanding balance of slightly more than $33,000; as a result of this default, Sun instituted an action in the Federal District Court for the Western District of Pennsylvania and obtained a judgment of $21,400 against the plaintiff; this judgment was docketed in the Federal District Court for the Eastern District of North Carolina; and as a result of legal process issuing from the latter court, the plaintiff entered into a consent judgment, pursuant to which the plaintiff paid $21,400 to Sun on 21 November 1967. This consent judgment recited that the plaintiff's payment of $21,400 would be applied to and credited to separate judgments which Sun held against Cepco, the defendant, and her husband and that the remaining balance on those judgments would not be affected by the plaintiff's payment of $21,400 to Sun. A copy of this consent judgment was attached to the complaint as Exhibit "F". Plaintiff further alleged that the husband was insolvent.

On 9 April 1968 the defendant filed a demurrer to the complaint. It was alleged that the complaint failed to state a cause of action against her because the power of attorney authorized Crumpler as

attorney in fact to obligate the defendant as guarantor for a sum not to exceed $51,000 upon such instruments as her husband might execute to Sun and because the complaint and exhibits attached thereto revealed that Crumpler executed Note III as collateral security for Note I, not for Note II. However, the demurrer was not heard. Instead, a consent order under date of 7 May 1968 was entered, in accordance with which the plaintiff amended his complaint to allege that Crumpler executed Note III while acting as the defendant's express agent and duly constituted attorney at law (*sic*) and while acting within the scope of his employment and agency. The reference to the power of attorney, a copy of which had been attached to the complaint as Exhibit "D", was eliminated by this amendment. The amended complaint was filed on 17 May 1968.

The defendant filed an answer to the amended complaint on 31 May 1968. She alleged that while a power of attorney had been executed to Crumpler, he had not been authorized to guarantee on her behalf any obligation of Cepco to Sun. She further alleged that this power of attorney had been procured by fraud on behalf of Sun. The following was set out as a further answer and defense:

"1.   That Sun Capital Corporation through its servants, agents and employees represented to the Defendant that her husband had embezzled money of Cepco Distributing Company, had defrauded the company, was guilty of embezzlement and threatened that unless Defendant would guarantee her husband's indebtedness to Sun Capital Corporation in an amount of $51,-000.00 that Sun Capital Corporation would have the Defendant's husband indicted and that he would go to prison resulting in humiliation to the Defendant and her children. That relying upon said representations, the Defendant executed the specific and limited power of attorney set out as Exhibit 'D' attached to Plaintiff's original Complaint. That the aforesaid representations made by Sun Capital Corporation to the Plaintiff were false. That said statements were material and knowingly made with the purpose and intent to deceive and induce and did deceive and induce the Defendant into guaranteeing an alleged obligation of her husband for which she was not liable. That as a result of said conduct on the part of Sun Capital Corporation she has been injured and damaged and by reason of said fraud she is entitled to have said power of attorney declared null and void and of no effect and by reason thereof she is not indebted to the Plaintiff herein in any amount whatsoever.

2.   Defendant denies that Fred G. Crumpler, Jr. was ever au-

thorized as her agent to execute Exhibit 'C' attached to the Plaintiff's Complaint. However, if any acts on her part might conceivably be construed as authorization on her part to Fred G. Crumpler, Jr. to execute the said Exhibit 'C', said acts on her part were procured by the actionable fraud and misrepresentations of Sun Capital Corporation, its servants, agents and employees, all as set out in Defendant's Further Answer and Defense and because of said fraudulent conduct on the part of Sun Capital Corporation she is entitled to and does disaffirm any such alleged acts of Fred G. Crumpler, Jr."

On 9 July 1968 the plaintiff filed a demurrer to the further answer and defense on the ground that the allegations *supra* did not constitute a defense to his cause of action. He argued that the defendant had attempted to excuse the execution of Note III on the basis of fraud committed by Sun, a third party which is not a party to this action, in obtaining the execution of Note III.

On 16 August 1968 Judge Hobgood overruled the plaintiff's demurrer. The plaintiff then petitioned this Court for a writ of *certiorari.*

*Yarborough, Blanchard, Tucker & Yarborough by Irvin B. Tucker, Jr., for plaintiff appellant.*

*Blackwell, Blackwell, Canady, Eller & Jones by W. R. Jones, Jr., for defendant appellee.*

CAMPBELL, J.

The only question presented for determination is: "Did the trial judge err in overruling the plaintiff's demurrer to the further answer and defense of the defendant?" We think that this question should be answered in the negative.

[1] It is not the plaintiff's contention that the defendant failed to properly plead fraud. It is his contention that, regardless of whether it was properly pleaded, fraud is not a valid defense and should, therefore, be eliminated from the pleadings. He argues that the fraud pleaded by the defendant was fraud in the treaty practiced by Sun, a third party which is not a party to this action, and that there is no allegation of the plaintiff's participation in or knowledge of such fraud. In support of his contention, the plaintiff cites *Furst v. Merritt,* 190 N.C. 397, 130 S.E. 40, where fraud in the treaty and fraud in the factum were discussed and their differences pointed out. Since the evidence there was sufficient to establish either fraud in

the treaty or fraud in the factum and since the issues submitted to the jury did not point out the differences between the two types of fraud, a new trial was ordered. The Supreme Court specifically held that fraud in the treaty, even if established, would not be available as a defense against the plaintiff because the plaintiff was an innocent third party and because fraud in the treaty would only make the instrument voidable. However, fraud in the factum, if established, would make the instrument completely void and this would be a defense against such an innocent third party.

[2, 3]    The defendant asserts that by virtue of the fraud practiced upon her by Sun in the procurement of the power of attorney to Crumpler, such power of attorney was voidable. However, the plaintiff is suing upon Note III, which was allegedly executed by the defendant's express agent and duly constituted attorney at law (*sic*), Crumpler. The power of attorney is not the subject matter of this action. The defendant also asserts that she had never authorized or approved the execution on her behalf of Note III by Crumpler while acting as her agent. Under these circumstances, the plaintiff has the burden of establishing Crumpler's power and authority as the defendant's express agent and duly constituted attorney at law (*sic*). Because of this requirement, the plaintiff does not stand in the shoes of an innocent third party holding a note of a maker who had been induced to execute same by fraud.

[4, 5]    Note III, which was payable to the order of Sun and which was issued by Crumpler at attorney in fact for the defendant, recited:

> "This note cannot be sold, assigned, transferred or negotiated to any person until after notice has been given to the maker hereof in accordance with an agreement of even date herewith, and is subject to the terms of an agreement of even date herewith between Cepco Distributing Company et al."

Since Note III showed that it was executed by Crumpler as attorney in fact, anyone acquiring it was on notice that it had been issued by an agent. Therefore, the plaintiff would be under an obligation to acquaint himself with the agent's authority, even if the plaintiff was an innocent third party purchaser of the note for value and without notice.

> "This is true because a special agent can only contract for his principal within the limits of his authority, and a third person dealing with such an agent must acquaint himself with the strict extent of the agent's authority and deal with the agent

accordingly." *Iselin & Co. v. Saunders,* 231 N.C. 642, 58 S.E. 2d 614.

"Where the asserted power of an agent to indorse or otherwise deal with commercial paper is grounded upon a letter or power of attorney, such writing is to be strictly construed upon the question of whether and how far it bestows authority as to such matters upon the agent." 2 C.J.S., Agency, § 112, p. 1305.

Note III was not issued to the plaintiff. It was issued to Sun as collateral security for Note I.

**[3]** Neither the complaint nor the amended complaint reveal the circumstances under which the plaintiff became the owner of and entitled to Note III or indicate that the plaintiff is an innocent third party purchaser for value and without notice. On the contrary, the complaint and amended complaint are much more susceptible of the interpretation that the plaintiff is the subrogee of the rights of Sun in and to Note III. If the latter is true, the plaintiff would stand in the position of Sun and the defendant would be entitled to raise any defenses which she might have against Sun, including fraud. We do not think it unreasonable to assume that the plaintiff, as the president of Cepco, knew of all negotiations, and the consent judgment (Exhibit "F") showed that Sun still retained some claims against the defendant.

The plaintiff concedes that the defendant was entitled to, and has in fact, set up the defense of fraud against Sun. Nevertheless, the plaintiff attempts to avoid any connection between himself and Sun for the purposes of this action. However, this attempt has not succeeded. *Furst v. Merritt, supra,* the only case relied upon by him, is completely distinguishable.

We are of the opinion and so hold that Judge Hobgood was correct in overruling the demurrer.

Affirmed.

MORRIS and PARKER, JJ., concur