NELLIE H. MELTON, Plaintiff v. FAMILY FIRST MORTGAGE CORPORATION, FLAGSTAR BANK, FSB, UNION PLANTERS BANK NA, T. DAN WOMBLE as Trustee on a Deed of Trust made by the Plaintiff, and LORI MELTON FRYE, Defendants

No. COA02-221

(Filed 18 February 2003)

### 1. Unfair Trade Practices— mortgage—no contact between mortgage purchaser and borrower

The trial court correctly granted summary judgment for defendant Flagstar Bank on an unfair and deceptive practices claim arising from plaintiff's allegation that her granddaughter moved in with her and acted to defraud her of assets, including inducing her to borrow money on her home. Flagstar, which purchased the mortgage soon after its execution, had no contact with plaintiff and there is no evidence that the lender was acting as an agent for Flagstar.

### 2. Appeal and Error— preservation of issues—failure to cite authority

Plaintiff did not cite legal authority and abandoned on appeal her argument that a lender's conduct amounted to an unfair or deceptive practice (which allowed her granddaughter to engage in fraud) by not questioning the circumstances of a loan on plaintiff's house.

### 3. Civil Procedure— summary judgment—allegation as to what testimony would be—insufficient

The trial court did not err by granting summary judgment for defendant Family First (the lender) in an action arising from a loan on plaintiff's house where plaintiff contended that a retired banker would have testified that there should have been an in-person interview before execution of the mortgage. No affidavit or other form of sworn testimony was submitted to the trial court in which the witness testified that industry standards had been violated.

### 4. Mortgages and Deeds of Trust— lending fees—disclosed

A lender did not fail to act in good faith by not disclosing the percentage of the loan proceeds that would be paid to the broker and mortgage company where plaintiff testified that she was provided with a list of all fees at the closing, and the

closing attorney testified that he reviewed the fees and loan documents with plaintiff.

**5. Unfair Trade Practices— mortgage—forged signature— allegation insufficient**

The trial court did not err by granting summary judgment on an unfair and deceptive practices claim for defendant Family First where plaintiff contended that defendant either forged plaintiff's name or accepted a forged signature, but provided no substantial evidence of the forgery.

**6. Unfair Trade Practices— summary judgment—no evidence of harm**

The trial court did not err by granting summary judgment on an unfair and deceptive practices claim for defendant Family First where plaintiff argued that Family First improperly back-dated loan application documents, but plaintiff failed to present any evidence of harm.

**7. Unfair Trade Practices— summary judgment—kickback**

The trial court did not err by granting summary judgment on an unfair and deceptive practices claim for defendant Family First, which loaned plaintiff money on her house at her grand-daughter's inducement, where plaintiff argued that Family First had failed to disclose that it would receive a kickback from the bank to whom it sold the mortgage.

**8. Unfair Trade Practices— mortgages—failure to recommend alternative**

A lender's failure to recommend a reverse mortgage was not an unfair or deceptive practice.

**9. Mortgages and Deeds of Trust— use of regular closing attorney—not an unfair practice**

There was no merit to plaintiff's claim that a lender committed an unfair or deceptive practice by sending plaintiff to an attorney who regularly closed loans for defendant and who had no incentive to disclose alleged irregularities to plaintiff.

**10. Mortgages and Deeds of Trust— rescission—no return of proceeds—fraud in treaty**

The trial court correctly determined that a mortgage was not void and subject to rescission where plaintiff was not prepared to return the loan proceeds. The mortgage would be binding in any

**MELTON v. FAMILY FIRST MORTGAGE CORP.**

[156 N.C. App. 129 (2003)]

case because plaintiff knew she was mortgaging her house and did not take issue with the loan documents; fraud in the treaty (arising from representations by plaintiff's granddaughter) renders the loan voidable between the parties but binding in the hands of an innocent purchaser of the mortgage.

Judge TIMMONS-GOODSON concurring in part and dissenting in part.

Appeal by plaintiff from an order entered 6 November 2001 by Judge Beverly T. Beal in Forsyth County Superior Court. Heard in the Court of Appeals 13 November 2002.

*Hough & Rabil, P.A., by S. Mark Rabil for plaintiff-appellant.*

*Allman Spry Leggett & Crumpler, P.A., by W. Rickert Hinnant, for defendant-appellee Family First Mortgage Corporation.*

*Kilpatrick Stockton, L.L.P., by Richard J. Keshian, for defendant-appellees Flagstar Bank, FSB and Union Planters Bank, NA.*

*Jerry D. Jordan for defendant-appellee Lori Melton Frye.*

*T. Dan Womble, Trustee.*

HUNTER, Judge.

Nellie H. Melton ("plaintiff") appeals from the trial court's order of summary judgment in favor of defendants Family First Mortgage Corporation ("Family First"), Flagstar Bank, FSB ("Flagstar") and Union Planters Bank NA ("Union Planters"). We affirm for the reasons set forth herein.

Plaintiff, a borrower under a note secured by a deed of trust ("mortgage"), brought suit against Family First (plaintiff's lender); Flagstar (a bank that purchased the mortgage soon after its execution); Union Planters (another bank that subsequently purchased the mortgage from Flagstar); and Lori Melton Frye (plaintiff's adult granddaughter, hereinafter "Frye"). Plaintiff alleged in her complaint that defendant Frye engaged in a pattern of activity designed to defraud plaintiff of certain of her assets. Plaintiff specifically alleged that Frye, after moving in with plaintiff, administered medications to her and gained control over plaintiff's finances, using them for her own benefit and to the detriment of plaintiff. Plaintiff alleged that Frye, in August of 1997, completed an application for a $50,000.00

loan on plaintiff's home. Plaintiff claimed that Frye, without plaintiff's knowledge, instructed Family First to process the loan application and, upon its approval, arranged to close the loan. Plaintiff alleged that Frye persuaded her to obtain the loan by falsely telling her that her son had incurred substantial debt in plaintiff's name and that plaintiff needed to borrow the money to pay off this debt.

Plaintiff claimed that she was entitled to damages for unfair and deceptive practices by Family First and Flagstar (based on excessive loan fees or discounts, knowing and willful disregard of the North Carolina reverse mortgage statute, and fraud); common law fraud by Family First and Flagstar (based on alleged failure to make disclosures to plaintiff); and civil conspiracy by Family First and Flagstar to commit unfair trade practices and common law fraud. Plaintiff further sought rescission of the mortgage which was currently held by Union Planters.

Defendants Family First, Flagstar, and Union Planters moved for summary judgment. After a hearing was held on the motions, the trial court entered summary judgment in favor of defendants Family First, Flagstar, and Union Planters on 6 November 2001 as to all claims against those defendants. On 29 April 2002, a consent order of dismissal as to plaintiff's pending claims against defendant Frye was entered pursuant to Rule 41(a)(2) of the North Carolina Rules of Civil Procedure. Plaintiff appeals from the order of summary judgment.

We initially note that plaintiff has only presented arguments in her brief regarding her claims of unfair or deceptive practices and rescission of the mortgage. Accordingly, our review will be limited to those issues. *See* N.C.R. App. P. 28(b)(6).

I.

[1] We will first address whether summary judgment was proper on the claims against Flagstar for unfair and deceptive practices. " 'Under N.C. Gen. Stat. § 75-1.1, the question of what constitutes an unfair or deceptive trade practice is an issue of law.' " *Eastover Ridge, L.L.C. v. Metric Constructors, Inc.*, 139 N.C. App. 360, 363, 533 S.E.2d 827, 830 (citation omitted), *disc. review denied*, 353 N.C. 262, 546 S.E.2d 93 (2000). Therefore, the determination of whether an act or practice is unfair or deceptive is generally made by the trial court based on the jury's findings. *Id.* However, a court may grant summary judgment on a claim of unfair and decep-

**MELTON v. FAMILY FIRST MORTGAGE CORP.**

[156 N.C. App. 129 (2003)]

tive practices when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* A defendant moving for summary judgment bears the burden of showing: "(1) that an essential element of plaintiff's claim is nonexistent; (2) that discovery indicates plaintiff cannot produce evidence to support an essential element; or (3) that plaintiff cannot surmount an affirmative defense." *Id.* After a defendant has met that burden, the plaintiff must forecast evidence establishing that a *prima facie* case exists. *Id.*

Under N.C. Gen. Stat. § 75-1.1(a) (2001), unfair or deceptive acts or practices in or affecting commerce, are unlawful. The necessary elements for a claim under N.C. Gen. Stat. § 75-1.1 are: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused actual injury to the claimant." *Boyce & Isley, PLLC v. Cooper,* 153 N.C. App. 25, 35, 568 S.E.2d 893, 901 (2002). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Marshall v. Miller,* 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). A practice is deceptive if it "possesse[s] the tendency or capacity to mislead, or create[s] the likelihood of deception." *Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 453, 279 S.E.2d 1, 7 (1981).

After carefully reviewing the record, we conclude that the trial court's grant of summary judgment in favor of Flagstar was proper since Flagstar had no dealings with plaintiff in connection with the execution of the mortgage. Plaintiff did not meet with any Flagstar representative, did not correspond with Flagstar, and had no relationship with Flagstar until Flagstar bought the mortgage subsequent to plaintiff's execution of the mortgage. Plaintiff indicated that she never had any dealings with Flagstar. Moreover, Family First's employee, Leann Dunagan, and the closing attorney indicated in their depositions that as far as they knew, Flagstar had not had any contact with plaintiff. In addition, there is no evidence suggesting that Family First was acting as an agent for Flagstar. In fact, the mortgage purchase agreement includes a provision which states that the mortgage purchase agreement and transactions entered into pursuant thereto shall not create an agency relationship between seller and buyer. Therefore, there is no evidence that Flagstar committed improprieties with regard to the execution of the mortgage. Accordingly, we conclude the trial court was proper in granting summary judgment in favor of defendant Flagstar.

II.

[2] We now turn to whether summary judgment was properly entered on plaintiff's claims against Family First for unfair and deceptive practices. Plaintiff sets out numerous allegations in her brief which she claims constitute unfair and deceptive practices. However, after reviewing the record and plaintiff's list of grievances, we conclude that plaintiff has failed to show any improper conduct on Family First's part, amounting to unfair or deceptive practices contemplated by N.C. Gen. Stat. § 75-1.1.

Plaintiff first asserts that Family First intentionally refused to investigate numerous red flags of fraud and undue influence and allowed defendant Frye to engage in fraud. Plaintiff claims that the failure of Family First to question the circumstances of the loan were a breach of industry standards and common decency. However, plaintiff has failed to cite any legal authority to support her argument. Therefore, this argument is deemed abandoned. See N.C.R. App. P. 28(b)(6).

[3] Plaintiff next contends Family First's failure to conduct an in-person interview of plaintiff before the execution of the mortgage constituted an unfair or deceptive act or practice. Plaintiff has failed to provide, and we have failed to find, any cases in which a Court has held that such a failure violates N.C. Gen. Stat. § 75-1.1. Plaintiff points to plaintiff's discovery responses which suggest that Mattie Barney ("Barney"), a retired banker, "would testify" that there should have been an in-person interview. However, no affidavit nor other form of sworn testimony was submitted to the trial court in which Barney testified that industry standards had been violated. Thus, the trial court did not find plaintiff's discovery responses regarding what Barney "would testify" competent evidence from which it could rely. We conclude plaintiff has presented no competent evidence that Family First's failure to interview plaintiff in-person constitutes an unfair or deceptive act or practice.

[4] Plaintiff additionally argues Family First failed to act in good faith by not disclosing that more than ten percent (10%) of the loan proceeds would be paid to the broker and mortgage company as fees and expenses. However, we note that plaintiff testified that she was provided with a list of all fees at the closing, and knew and understood the consequences of the fees. Further the closing attorney testified that he reviewed the fees and loan documents with plaintiff and

that those documents were valid. Therefore, plaintiff's argument lacks merit.

**[5]** Plaintiff next asserts that Family First either forged plaintiff's name to a document, or accepted a forged signature for processing her application. However, plaintiff has provided no substantial evidence of such forgery. She merely provided the trial court with two credit authorization forms containing plaintiff's purported signature and argues that only one could have been signed by plaintiff since the signatures are so different. Moreover, plaintiff presented no evidence that Family First was aware of the purported forgery nor evidence that plaintiff would not have consented to the credit authorizations. Therefore, we conclude this allegation lacks merit.

**[6]** Plaintiff also argues that Family First improperly backdated loan application documents. Assuming that the loan application documents were backdated, however, plaintiff has failed to present any evidence of harm. As stated previously, a necessary element for a claim under N.C. Gen. Stat. § 75-1.1 is that the unfair or deceptive act or practice proximately caused actual injury to the claimant. *Boyce*, 153 N.C. App. at 35, 568 S.E.2d at 901. We therefore conclude that plaintiff has failed to forecast evidence supporting the essential elements of a claim under N.C. Gen. Stat. § 75-1.1 based on this allegation.

**[7]** Plaintiff next asserts that Family First failed to disclose that Flagstar would pay Family First a "yield spread premium" or kickback in violation of federal law. Plaintiff relies on *Moses v. Citicorp Mortg., Inc.*, 982 F. Supp. 897 (E.D.N.Y. 1997), to support her argument. We find the instant case distinguishable. The Court in *Moses* held that a suit regarding "yield spread premiums" brought by mortgage borrowers against lenders for unfair trade practices under New York law was not subject to dismissal for failure to state a claim. *Id.* In *Moses*, the plaintiffs alleged that

> defendants had agreements with mortgage brokers . . . under which plaintiffs were not advised "of the actual interest rates and loan terms they were approved for, but instead [they were] advised . . . that they had been approved at interest rates and points which were higher than the actual rates [defendants were] prepared to charge."

*Id.* at 903. In the instant case, plaintiff has made no such allegation nor provided evidence to support such an allegation. Thus, plaintiff's reliance on *Moses* is misguided.

**[8]** Plaintiff contends Family First failed to recommend that plaintiff investigate a reverse mortgage which plaintiff claims constitutes an unfair or deceptive act or practice. Reverse mortgages are governed by N.C. Gen. Stat. § 53, Article 21. There is no provision under N.C. Gen. Stat. § 53, Article 21, requiring a lender to recommend a reverse mortgage. In addition, plaintiff has failed to cite, and we have not found, any authority supporting her argument that a lender's failure to recommend a reverse mortgage is an unfair or deceptive act or practice. Therefore, we conclude this argument has no merit.

**[9]** Plaintiff finally claims that Family First sent plaintiff to a closing attorney who regularly closed loans for Family First and Flagstar and had no incentive to disclose the alleged irregularities of the mortgage to plaintiff. However, we have found no irregularities with regard to the mortgage that the closing attorney had a duty to disclose. In addition, plaintiff has not cited any authority supporting her claim that it is improper for a closing attorney to represent both the borrower and the lender. Thus, we again conclude plaintiff's claim has no merit.

For the foregoing reasons, we conclude plaintiff has failed to show any improper conduct on Family First's part, amounting to unfair or deceptive practices under N.C. Gen. Stat. § 75-1.1. Accordingly, we hold the trial court properly granted Family First's motion for summary judgment.

### III.

**[10]** Finally, plaintiff claims the trial court erred in determining that the mortgage was not void and subject to rescission. During the summary judgment hearing, the court asked plaintiff's counsel if plaintiff was prepared to give money or other valuable consideration to Union Planters in exchange for the rescission of the mortgage. Plaintiff's counsel responded that plaintiff was not prepared to exchange money or other valuable consideration for the rescission of the mortgage. Our Supreme Court has previously stated: "A complainant who seeks to have an instrument, obligation, or transaction canceled or set aside must return or offer to return whatever he may have received from the defendant." *York v. Cole*, 254 N.C. 224, 225, 118 S.E.2d 419, 420 (1961) (*per curiam*). " '[A]s a general rule, a party is not allowed to rescind where he is not in a position to put the other in *statu quo* by restoring the consideration passed.' " *Opsahl v. Pinehurst Inc.*, 81 N.C. App. 56, 65, 344 S.E.2d 68, 74 (1986) (quoting *Bolich v. Insurance Company*, 206 N.C. 144, 156, 173 S.E. 320, 327 (1934)).

MELTON v. FAMILY FIRST MORTGAGE CORP.

[156 N.C. App. 129 (2003)]

Since plaintiff in this case is unable to return the loan proceeds, the court correctly determined that plaintiff was not entitled to rescission of the mortgage.

In addition, even if plaintiff was prepared to return the loan proceeds, the mortgage would still be binding. Plaintiff contends that this case involves fraud in the *factum* which would be sufficient to void the mortgage even in the hands of an innocent third party. *See Jarvis v. Parnell*, 4 N.C. App. 432, 167 S.E.2d 3 (1969). We disagree.

Fraud in the *factum* " 'arises from a want of identity or disparity between the instrument executed and the one intended to be executed. . . .' " *Creasman v. Savings & Loan Assoc.*, 279 N.C. 361, 369, 183 S.E.2d 115, 120 (1971) (quoting *Furst v. Merritt*, 190 N.C. 397, 401, 130 S.E. 40, 43 (1925)). In the case *sub judice*, plaintiff testified in her deposition that she knew that she was obtaining a mortgage on her house, that the closing attorney explained the loan documents to her, and that she did not take issue with the loan or the loan documents. Therefore, this is not a case of fraud in the *factum*.

If there was any fraud involved in the execution of the mortgage, it was limited to Frye's alleged false representations that motivated plaintiff to obtain the mortgage which would be fraud in the treaty. Fraud in the treaty arises "[w]here a party knowingly executes the very instrument he intended but is induced to do so by some false and fraudulent representation . . . ." *Mills v. Lynch*, 259 N.C. 359, 362, 130 S.E.2d 541, 544 (1963). Further, our Supreme Court has stated that "[i]f . . . the evidence discloses only fraud in the treaty, the note and deed of trust would be voidable as between the original parties thereto, but binding in the hands of a third person who was the innocent holder thereof." *Parker v. Thomas*, 192 N.C. 798, 802, 136 S.E. 118, 120 (1926). In this case, the evidence shows that Union Planters is an innocent purchaser of the mortgage. Therefore, rescission is unavailable, even if plaintiff was prepared to return the loan proceeds.

For the reasons stated herein, we affirm the trial court's order of summary judgment in favor of defendants Family First, Flagstar and Union Planters.

Affirmed.

Judge WYNN concurs.

Judge TIMMONS-GOODSON concurs in part and dissents in part in a separate opinion.

TIMMONS-GOODSON, Judge, concurring in part and dissenting in part.

Because I disagree with the majority's conclusion that defendant, Family First Mortgage Corporation, was entitled to summary judgment, I respectfully dissent. I concur with the conclusion of the majority that all other named defendants were entitled to summary judgment.

North Carolina General Statutes section 75-1.1 declares unlawful "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1(a) (2001). "Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). " 'To prevail on a claim of unfair and deceptive trade practice a plaintiff must show (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business.' " *Mitchell v. Linville*, 148 N.C. App. 71, 73-74, 557 S.E.2d 620, 623 (2001) (quoting *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991)). Section 75-1.1 provides two distinct grounds for relief. *Id.* "If a practice has the capacity or tendency to deceive, it is deceptive for the purposes of the statute. *Id.* "Unfairness" is a broader concept than and includes the concept of "deception." *See id.* "A practice is unfair when it offends established public policy, as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *See id.*

In the instant case, plaintiff asserts numerous allegations to establish that Family First engaged in unfair and deceptive practices. I conclude that there exist genuine issues of material fact in at least three of plaintiff's assertions. First, plaintiff argues that Family First failed to conduct an in-person interview with plaintiff. Plaintiff further contends that the majority of the contact made was with her granddaughter. As noted in the majority opinion, plaintiff fails to provide, and we fail to find any cases in which a court has held that such an interview is necessary or proper. As stated *supra*, when considering whether a practice is unfair or deceptive, it is proper to consider the facts of the individual case. Therefore, it is proper for a jury to consider (1) whether, under the facts of this case, the failure of

Family First to conduct an in-person interview with plaintiff affected commerce; (2) the impact of such a practice on the marketplace; and (3) whether the practice caused injury to plaintiff.

Second, plaintiff argues that her name was either forged by Family First or that Family First accepted forged documents. The majority asserts that plaintiff failed to provide sufficient evidence of forgery; the record, however, reflects that plaintiff provided evidence that the signature on the document differed from her own signature. A jury could conclude that accepting forged documents offends public policy, is unethical and can substantially injure consumers. In determining what is unfair and deceptive, the "intent or good faith belief of the actor is irrelevant," and the "effect of the actor's conduct on the consuming public is relevant." *Marshall*, 302 N.C. at 548, 276 S.E.2d at 403. I agree with plaintiff's contention that it is for a jury to decide whether the documents were forged and whether such a forgery should have caused Family First to question the circumstances of the loan.

Finally, plaintiff contends that the loan application documents were backdated. Whether backdating documents in a business transaction could have the tendency to deceive and be unfair to the consumer is an issue for the trier of fact. As noted earlier, unfairness is a concept that includes deception.

In light of the fact that plaintiff provided evidence presenting genuine issues of material fact regarding potential violations of section 75-1.1, I would hold that the trial court erred in granting summary judgment in favor of Family First.